## Sheely's Estate.

*J. H. Light* and *William S. Hoerner*, for accountant.

*G. W. Atherton*, for other heirs.

DAVISON, P. J., January 10, 1931.—Jasper N. Sheely, an aged resident of Antrim Township, Franklin County, and a veteran of the Civil War, died in Florida on January 10, 1929. He was survived by a widow, his second wife,

and a number of children by his first wife. His wife was with him in Florida when he died, and his body was kept in a vault there until the latter part of February and then brought to Greencastle, Pa., by his widow and buried in the National Cemetery at Gettysburg. Jasper N. Sheely had been a soldier in the Civil War, and, hence, was entitled to the privilege of burial in that cemetery and his wife could be buried there with him. At the time of his death and for some years prior thereto Jasper N. Sheely had owned a lot in Cedar Hill Cemetery, near Greencastle, in which his first wife was buried and on which he had erected a monument, before his second marriage, bearing the name Sheely in large letters at the top, his own name and date of birth and a blank for date of death, and the name and dates of birth and death of his first wife below. There is no evidence to show if there was room on that lot for the burial of his second wife or not. In her first and final account as administratrix of the estate of said Jasper N. Sheely, the widow, who was the accountant, took credit for funeral expenses, including tombstone, amounting to $744.15. Exceptions were filed to this item and the auditor surcharged the accountant with $234.49 of that item, holding these expenses excessive and unwarranted, and basing the surcharge on these items: Items in bill of undertakers in Florida, Thacker & Vangilder, not itemized, $24.80; hearse to Gettysburg, $29.60; three cars at funeral to Gettysburg, $30.09, and monument in Gettysburg, $150. Exceptions were filed to this action of the auditor on behalf of Mrs. Sheely, but we cannot sustain those exceptions. It is true that in law a widow has the primary right to dispose of the body of her husband, but it is not this right which is challenged here, but the right to have that disposal made at the expense of his estate under the circumstances of the case. Here, he had made an arrangement for his burial by purchasing a lot in the cemetery near his home and erecting on it a monument bearing his name and date of birth and place for date of death. Unless he had declared unequivocally that he desired to be buried elsewhere, that arrangement must stand as his desire, and if the widow in the exercise of her right over his body desires to bury him elsewhere, that she must do at her own expense. Was there such a declaration by Jasper N. Sheely of a desire to be buried in the Gettysburg National Cemetery as would justify the course pursued by his widow? We cannot find it in the evidence. The only testimony relative to it comes from the lips of the widow herself, and one of the occasions referred to is denied by the son. At best, it was but a statement she said he made casually on one occasion to her, and a statement she made to that effect in the presence of the decedent to his son and which he did not deny or agree to. When we take into consideration the evident hostile feelings existing between the widow and the children of said Jasper N. Sheely, and that this burial was made and decided on by the widow without consultation with or consent of the children of the wife buried at that monument in Greencastle, we agree with the findings of the auditor and the conclusions of law he reached, and we will not disturb that surcharge. The second exception filed on behalf of Mary E. Sheely to said auditor's report is, therefore, overruled.

As to the first exception filed on her behalf to a surcharge of $9.50 for wood, a pole and corn, however small the items and amount, she received them and should account for them, and that exception is dismissed.

These exceptions having been overruled, necessarily carry with them an overruling of the third exception filed on her behalf.

On behalf of Elizabeth P. Nicarry and other children and heirs at law of said Jasper N. Sheely, exceptions were filed to the report of the auditor.

These exceptions raise but one question: Should the widow, as accountant, be surcharged with rent of the real estate of the decedent which she occupied after his death. At the time of his death he owned a home in Antrim Township, containing about thirty-eight acres and on which was erected a large dwelling house, barn and other buildings. All of this except the house and a small garden was then and had been for some years rented to other parties, the house being occupied by said Jasper N. Sheely and his wife, and the garden being retained by them. From the time of her return from Florida, the latter part of February, 1929, until April 1, 1930, when the real estate was delivered to a purchaser at a sale made by order of court for payment of debts of decedent, the widow lived in that part which had not been rented to others and paid no rental therefor. At the hearing before the auditor an attempt was made to surcharge her with the rental value of said real estate for the time she occupied it after her husband's death. This the learned auditor refused to do, and in this we think he was clearly right.

This request for surcharge was under section fourteen of the Fiduciaries Act of 1917. That section reads as follows: "Rents of real estate accruing after the death of the owner of such real estate, who shall die on or after the day on which this act shall go into effect, shall be assets for the payment of debts of such decedent whenever the personal estate shall be insufficient therefor. Whenever the personal estate of such decedent shall appear to be probably insufficient for the payment of debts, the orphans' court having jurisdiction of the accounts of the executor or administrator shall, upon application of any creditor of the decedent, or upon application of the executor or administrator, or of any other person interested, authorize and direct the executor or administrator to collect such rents for such period as the court shall fix. In such case the executor or administrator shall have power to collect such rent by action at law, distress, or otherwise, as the decedent, in his lifetime, might have done as to rents of such real estate; and rents so collected shall be accounted for by the executor or administrator in his account of the personal estate of the decedent."

This was a very marked change in the law from what it had been before the passage of that act, as before that rents were not part of the estate of a decedent for the payment of his debts, but belonged to his heirs. The legislature evidently intended this drastic change to become operative only when properly brought into being by a proceeding on the part of some one in interest, and, hence, the provision for application to the proper court for such authority to collect rents and thus to make them part of the decedent's estate and to be accounted for as such. If rents were to be made applicable for payment of debts under all circumstances, the legislature could well have said so and not put in the act the necessity for an order of the court so to make them. In the instant case no application of this kind was made to the court by any one, and, as we view the law, said rents were not part of the decedent's estate for any purpose and the accountant could not have been surcharged with any amount for this item. Under these circumstances, it is not necessary for us to decide what our attitude would have been, under the facts, if such an application had been made to us.

The exceptions filed to said report on behalf of Elizabeth P. Nicarry et al. are dismissed.

Now, therefore, January 10, 1931, the exceptions filed to the report of A. G. McLanahan, Esq., auditor, both on behalf of Mary E. Sheely and Elizabeth P. Nicarry et al., are overruled and dismissed and said auditor's report is confirmed.                    From Albert Strite, Chambersburg, Pa.